UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

January 16, 2020

Paul A. Clark, Esq.
10 Huron Avenue, Suite 1N
Jersey City, NJ 07306
*Counsel for Plaintiffs*

Robert J. McGuire, Esq.
New Jersey Attorney General
25 Market Street
P.O. Box 116
Trenton, NJ 08625
*Counsel for State Defendants*

Brandon D. Minde, Esq.
Michael J. Keating, Esq.
Dughi, Hewit, Domalewski, P.C.
340 North Avenue
Cranford, NJ 07016
*Counsel for Defendant Richard Federici*

Roshan Deven Shah, Esq.
Brent Merrill Davis, Esq.
Scarinci & Hollenbeck, LLC
1100 Valley Brook Avenue
P.O. Box 790
Lyndhurst, NJ 07071
*Counsel for Soaring Heights Charter School*

### LETTER OPINION FILED WITH THE CLERK OF THE COURT

Re: **Family Civil Liberties Union, et al. v. State of New Jersey, et al.**
    **Civil Action No. 18-2597 (SDW) (LDW)**

Counsel:

Before this Court is Defendant Richard Federici's ("Defendant" or "Dr. Federici") Motion to Dismiss Plaintiff Elvin Serrano's ("Serrano" or "Plaintiff")[1] Third Amended Complaint ("Complaint")[2] pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). This Court having considered the parties' submissions, having reached its decision without oral argument pursuant to Rule 78, and for the reasons discussed below, grants Defendant's motion.

## **DISCUSSION**

A.

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

B.

At all relevant times, Plaintiff was involved in a custody dispute in New Jersey Superior Court, Chancery Division - Family Part ("Family Court"). (D.E. 45 ¶¶ 282-303.) On May 23, 2017, as part of those proceedings, the Family Court appointed Dr. Federici to provide psychological counseling to Serrano's daughter. (*Id.* ¶¶ 286-87.) On August 28, 2017, after counseling Serrano's daughter for approximately three months, Dr. Federici submitted a letter to the Family Court "offering advice for the situation with Serrano's daughter." (*Id.* ¶ 289.) The following day, Serrano came to Dr. Federici's office to discuss that letter. (*Id.* ¶¶ 290-96.) Dr. Federici subsequently submitted a second letter to the Family Court stating that Serrano had threatened him during that discussion. (*Id.* ¶¶ 298-303.) Count Four of the Complaint alleges that Dr. Federici's letter to the Family Court was defamatory because it "falsely accused Serrano" of

---

[1] Although there are four named plaintiffs in this matter - Serrano, Family Civil Liberties Union, Surender Malhan, and Zia Shaikh - only Serrano has brought a claim against Defendant.

[2] This Court notes that Plaintiff's Complaint fails to comply with the requirements of Federal Rule of Civil Procedure 8(a)(2) which provides that a complaint be "a short and plain statement of the claim showing that the pleader is entitled to relief," or Rule 8(d)(1)'s requirement that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Rather, the Complaint contains 586 paragraphs, spans 121 pages, and extensively cites, *inter alia,* hearing transcripts, court orders, case law, professional evaluations, and recordings allegedly made by Serrano. This is well outside the parameters of the federal pleading rules.

assaultive and menacing behavior. (*Id.* ¶¶ 552-57.) Dr. Federici now moves to dismiss the sole claim against him. (D.E. 59.)[3]

Under New Jersey state law, participants in judicial proceedings are immunized from civil liability for "any statements made in the course of the proceeding." *Devlin v. Gorski*, No. A-0281-17T1, 2018 WL 5316074, at *2 (N.J. Super. Ct. App. Div. Oct. 29, 2018); *see also Loigman v. Twp. Comm.*, 889 A.2d 426, 433-34 (N.J. 1995). This litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Hawkins v. Harris*, 661 A.2d 284, 289 (N.J. 1995). The privilege exists to "ensure that participants in the judicial process act without fear of the threat of ruinous civil litigation when performing their respective functions." *Loigman*, 185 N.J. at 581.

Court-appointed psychologists like Dr. Federici are precisely the type of participant protected by the litigation privilege. *See, e.g. P.T. v. Richard Hall Cmty. Mental Health Care Ctr.*, 837 A.2d 436, 449 (N.J. Super. Ct. Law Div. 2002) (granting summary judgment to court-appointed psychologist in divorce/custody proceeding, finding her absolutely immune from suit for any statements made to or communications with judges in the course of her appointment); *Delbridge v. Office of the Public Defender*, 569 A.2d 854, 860-61 (N.J. Super. Ct. Law Div. 1989). Here, Dr. Federici was appointed by the Family Court to provide therapy to Serrano's daughter as part of a custody dispute. That dispute is a judicial proceeding. Dr. Federici's letters were written to inform the Family Court about issues involved in that proceeding, including his recommendations arising from his treatment of Serrano's minor child and Dr. Federici's interaction with Serrano at his office. Therefore, Dr. Federici cannot be held civilly liable for the statements made in that letter, and his motion to dismiss will be granted.

## **CONCLUSION**

Defendant's Motion to Dismiss Count Four of the Complaint (D.E. 59) is **GRANTED** and Defendant Richard J. Federici shall be terminated as a party. An appropriate order follows.

                            ___/s/ Susan D. Wigenton_____
                            **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
      Leda D. Wettre, U.S.M.J.

---

[3] This Court finds no support for the argument that Count One of the Complaint, which alleges that all four Plaintiffs' constitutional due process rights were violated because they were not provided with timely or adequate notice or hearings in custody disputes, also raises a Section 1983 claim against Dr. Federici. (D.E. 45 ¶ 476.) Even if this Court were to accept that Count One did assert such a claim, this Court would dismiss it pursuant to Rule 12(b)(6) because the Complaint contains not a single fact that could support a finding that Dr. Federici has any control over how or when Family Court hearings are conducted.