**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FAMILY CIVIL LIBERTIES UNION, SURENDER MALHAN, ELVIN SERRANO, and ZIA SHAIKH,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF NEW JERSEY, DEPARTMENT OF CHILDREN AND FAMILIES, DIVISION OF CHILD PROTECTION & PERMANENCY, LISA VON PIER, GURBIR S. GREWAL, RICHARD FEDERICI, DAVID C. KATZ, DONALD KESSLER, PEACEFUL HEALING, LLC, MARCELLA MATOS WILSON, CHESTER SIGAFOOS, SOARING HEIGHTS CHARTER SCHOOL, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 18-2597 (SDW) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before this Court is plaintiffs' motion to file a Fourth Amended Complaint (ECF 56) following dismissal of many of the claims asserted in the Third Amended Complaint by the Honorable Kevin McNulty, U.S.D.J. (*See* Opinion and Order at ECF Nos. 50, 51). Defendants Attorney General Gurbir Grewal, Judge David Katz, Judge Donald Kessler, Judge Marcella Matos Wilson, and the New Jersey Division of Child Protection and Permanency ("DCPP") oppose the motion. (ECF No. 57). For the reasons set forth below, plaintiffs' motion to amend is **DENIED**.

The Court assumes familiarity with the background of this and related actions set forth in Judge McNulty's comprehensive May 29, 2019 Opinion. (ECF No. 50). In brief, plaintiffs bring

suit to address the constitutional sufficiency of custody rights in family court proceedings in the Superior Court of New Jersey. Some of the plaintiffs are simultaneously pursuing similar claims against the defendants in three other actions, all arising out of family court disputes, that are currently or recently pending before this Court (*See* Civ. No. 18-963 (SDW), Civ. No. 16-8889 (SDW), Civ. No. 18-16404 (SDW)). Plaintiffs Malhan and Shaikh also have previously asserted the same or nearly identical claims in lawsuits that were dismissed, appeals from which have been exhausted. (*See* ECF 50 at 28-31) (discussing prior actions and concluding that "[t]his case is identical to the earlier ones in every way that matters [to a res judicata determination].").

The instant motion to amend addresses only a small piece of this longstanding, multifront battle. Plaintiffs seek to file a fifth version of their complaint that would assert: (1) a new claim, against new defendants, for "conspiracy to violate" 42 U.S.C. § 1983; and (2) a repleaded version of the previously dismissed claim for violation of a purported constitutional right to record, under a new theory, against a new defendant, Chief Justice Stuart Rabner of the Supreme Court of the State of New Jersey.[1]

The standard under which this motion is to be assessed is well-settled. Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." The ultimate decision to grant or deny leave to amend is a matter committed to the Court's discretion. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330

---

[1] Plaintiffs' redlined proposed Fourth Amended Complaint indicates that they also seek to make amendments to their claims against defendant Peaceful Healing, LLC. (*See* ECF 56-2 at 126-29). Default against that defendant was entered in June 2018, however, and the vacatur of that default is currently the subject of an Order To Show Cause before the Honorable Susan Davis Wigenton, U.S.D.J. (*See* ECF 65). Given the current procedural posture, and given plaintiffs' failure to present any basis under Fed. R. Civ. P. 15 to allow amendment of the claims against this defendant, leave to amend the claims as to Peaceful Healing, LLC is denied.

(1970). The Court may exercise its discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The Court now addresses each proposed amended claim in turn.

I. Section 1983 Conspiracy Claim

Plaintiffs' new Count I of the proposed Fourth Amended Complaint would assert a claim for conspiracy to violate 42 U.S.C. § 1983 against the current head of the DCPP and three individuals who allegedly were employed there in 2017. (*See* ECF 56-2 ¶¶ 14-15, 496). The Court observes that this new Count I is closely similar to the previous Count I of the Third Amended Complaint that was dismissed with prejudice, which asserted a claim under § 1983 against multiple defendants. The majority of the factual allegations on which the new Count I relies were the same as those alleged in the old Count I. (*See* ECF No. 56-2 at 101-109). And the new factual allegations against the DCPP employees are based on events that allegedly occurred in 2017. (*See id.* ¶¶ 15, 30-31, 59, 127-29, 506).

The Court finds plaintiffs unduly delayed in seeking to assert their conspiracy claim. The claim is asserted more than 18 months after this action was filed and on the proposed *fifth* version of the complaint. In addition, the claim itself is based on many of the same facts as the section 1983 claim that Judge McNulty dismissed with prejudice, and the recycled facts on which it relies concern events in 2017, before this action was even filed. Clearly, this claim could have been asserted much sooner, and the assertion at this late date, after plaintiffs already have amended the

3

complaint multiple times, and after defendants already have moved to dismiss multiple times, constitutes undue delay. *See Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010) (district court did not abuse its discretion in denying leave to amend because of undue delay when plaintiff sought to add claim that should have been apparent during previous opportunities to amend). Moreover, the close similarity of the "new" claim to the § 1983 claim that was dismissed with prejudice also smacks of "pleading around" that dismissal, which is vexatious behavior suggestive of bad faith. *See Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (question of bad faith requires that we focus on the plaintiff's motives for not asserting claim earlier). For these reasons, the motion to assert a new claim for conspiracy to violate section 1983 is denied.

II.   Proposed Amendments to Count II's "Right to Record"

The first four iterations of the complaint sought a declaratory judgment permitting litigants involved in family court disputes to record all events, both inside and outside the courthouse, that might be pertinent to their custody disputes. The Court dismissed Count II without prejudice on three alternative grounds: (1) there is no constitutional "right to record" as pleaded; (2) the lack of a case or controversy bars subject matter jurisdiction; and (3) the relief sought is too broad to sufficiently state a claim. (ECF No. 50 at 40-41). Given that the claim was dismissed without prejudice, plaintiffs were given leave to replead in an attempt to cure the claim's several fundamental deficiencies. Although Count II's prayer for relief now targets restrictions on electronic recording in New Jersey state courts,[2] it also continues to seek a blanket order that

---

[2] Specifically, Count II seeks to enjoin enforcement of the "Supreme Court Guidelines on Electronic Devices in the Courtroom" and is asserted against Justice Rabner on the basis that he is Chief Justice of the Supreme Court of New Jersey. (ECF No. 56-2 ¶ 24).

4

declares as a matter of law parents in a custody dispute may document all interactions with their children, presumably even when such recordings would violate the state court's policy restricting them in its courthouses.

The instant motion does little to address the dispositive infirmities identified in Judge McNulty's prior dismissal. Judge McNulty found that there is no constitutional "right to record" that guarantees parents involved in a custody dispute the right to record all interactions that might be pertinent to their family court proceedings, and that is the law of this case. (*See* ECF 50 at 40). Even if that considerable obstacle to pleading a viable claim could be overcome, plaintiffs also do not rectify the problems with this claim cited by Judge McNulty as alternative grounds for dismissal. Plaintiffs' new allegations that it is necessary to record events to protect against potential future falsehoods from the family court system is, as found by Judge McNulty with respect to the previous version of this claim, too speculative to establish an Article III case or controversy. (*See id.*). Finally, plaintiffs' request for a wide-ranging declaration that "parents in a custody dispute have a First and Fourteenth Amendment Right to collect evidence and document their interaction with their children" remains too broad and non-specific to sufficiently state a claim. (*See id.* at 41). As the proposed "right to record" claim fails to cure the deficiencies detailed in the Court's prior dismissal, leave to amend would be futile and the motion to amend as to this claim is also denied.

## CONCLUSION

For the reasons above, plaintiffs' motion for leave to file an amended complaint is **DENIED**. The Clerk of Court is directed to terminate the motion at ECF No. 56.

    Hon. Leda Dunn Wettre
    United States Magistrate Judge

Dated:        January 29, 2020

Orig: Clerk
cc:    Hon. Susan D. Wigenton, U.S.D.J.